# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 10-025 (JRT/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| ROBIN LYNN BOURGEOIS, | |
| Defendant. | |

Clifford B. Wardlaw, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 404 United States Courthouse, 316 North Robert Street, Suite 404, St. Paul, MN 55101, for plaintiff.

Robin Lynn Bourgeois, Reg. No. 14968-041, USP, Post Office Box 1000, Marion, IL 62959, *pro se* defendant.

Defendant Robin Lynn Bourgeois pled guilty to travel with the intent to engage in illicit sexual conduct and is currently serving a sentence of 200 months imprisonment, followed by a supervised release term of ten years. Bourgeois has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He also moves to amend his § 2255 petition and for other relief. For the reasons discussed below, the Court will deny Bourgeois' motions.

## BACKGROUND

On December 1, 2010, Bourgeois pled guilty to a charge of interstate travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). (Docket Nos. 57, 58.) As part of the plea agreement, Bourgeois acknowledged that he would be

required pay restitution and waived his appeal rights should the Court impose a sentence of 200 months or less. (Docket No. 60.) The plea agreement also acknowledged that the parties had differing views on the appropriate guideline range but stated that this disagreement was moot because the plea agreement contemplated a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C). (*Id.*)

At a sentencing hearing on April 11, 2011, the Court adopted the sentence jointly recommended by both parties and sentenced Bourgeois to 200 months imprisonment and ten years of supervised release. (*See* Docket No. 70.) The Court held the issue of restitution open. (*Id.*) On November 2, 2012, the Court amended the judgment to include restitution in the amount of $5,000.28. (Docket No. 95.)

On April 26, 2012, Bourgeois moved for relief under § 2255 to vacate, set aside, or correct his sentence, alleging that he was denied effective assistance of counsel because his attorney (1) failed to challenge the reliability of the affidavit which provided probable cause for a search warrant and (2) failed to object to a ten year term of supervised release. (Docket No. 77.) That same day, he also moved for leave to amend his petition, for discovery, and for an evidentiary hearing. (Docket Nos. 78, 80, 81.)

Bourgeois now claims that his § 2255 petition filed on April 26 was "wholly frivolous" and that he had been deceived by a "law clerk" in the prison law library into thinking that the petition had merit. Accordingly, on November 26, 2012, and December 18, 2012, Bourgeois requested permission to amend his original § 2255 petition. (Docket Nos. 98, 100.) On March 25, 2013, he filed a "motion for injunction/restraining order" requesting that the Court's order of restitution be set aside.

(Docket No. 108.) He has also filed numerous other motions upon which this Court has already ruled, as well as various legal briefs.[1]

## ANALYSIS

**I.  STANDARD OF REVIEW**

A prisoner may file a motion to vacate, set aside, or correct a sentence imposed by a federal district court if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**II.  INITIAL § 2255 PETITION**

Bourgeois' initial § 2255 petition was based on claims of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Bourgeois "must show that (1) h[is] trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence; and (2) the deficient performance prejudiced [his] defense." *Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (internal quotation marks omitted); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under the

---

[1] The Court's order of December 21, 2012, outlines much of the procedural history of this case. (Docket No. 101.)

first element, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (internal quotation marks omitted). If the first element is satisfied, "the second element of prejudice requires a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks omitted).

### A. Failure to Challenge Reliability of Affidavit

Bourgeois first claims that he was denied effective assistance of counsel because his counsel "failed to move the Court to determine the reliability of the affidavit which led to the execution of the search/arrest warrant." (Mem. in Supp. of Mot. to Vacate at 7, April 26, 2012, Docket No. 79.) The record, however, demonstrates that, contrary to Bourgeois' claim, his counsel vigorously challenged the validity of the search warrant. On February 26, 2010, his counsel filed a Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure, (Mot. to Suppress, Feb. 26, 2010, Docket No. 29), and an accompanying Memorandum in Support, (Mem. in Supp. of Mot. to Suppress, March 22, 2010, Docket Nos. 35). In the supporting memorandum, Bourgeois' counsel argued that the information in the supporting affidavit was stale and that evidence in the supporting affidavit did not constitute probable cause to search. The Magistrate Judge issued a Report and Recommendation to this Court that recommended denying the motion, (Report and Recommendation, March 26, 2010, Docket No. 40), and Bourgeois' counsel filed an objection to that report, (Objection to Report and Recommendation, Apr. 12, 2010, Docket No. 42). This Court adopted the Report and Recommendation of the

Magistrate Judge and denied the motion to suppress. (Order, Sept. 7, 2010, Docket No. 48.)

Thus, contrary to Bourgeois' assertions, his counsel challenged the reliability of the affidavit which led to the search warrant. Bourgeois' claim is contradicted by the record and, accordingly, Bourgeois cannot make an affirmative showing that his counsel's performance was deficient or prejudiced him.

### B. Failure to Challenge Term of Supervised Release

Bourgeois next claims that his counsel was ineffective for failing to argue against or object to the imposition of a ten year term of supervised release. Bourgeois argues that because he has no criminal record and does not pose a risk of recidivism, a ten year term of supervised release is unreasonable.

This argument fails. The record demonstrates that Bourgeois' counsel provided zealous advocacy, which resulted in a sentence of 200 months and ten years supervised release, lower than what Bourgeois might have otherwise received when faced with a potential mandatory minimum of thirty years imprisonment and up to a lifetime of supervised release. Bourgeois has provided no evidence to establish that he was prejudiced by the alleged errors of counsel or his counsel's assistance fell below the wide range of professionally reasonable assistance and sound trial strategy. *See Toledo*, 581 F.3d at 680.

For these reasons, Bourgeois' original § 2255 petition will be denied. The Court will also deny his request for an evidentiary hearing and discovery related to this petition because the motion and the files and records of the case conclusively show that the

Magistrate Judge and denied the motion to suppress. (Order, Sept. 7, 2010, Docket No. 48.)

Thus, contrary to Bourgeois' assertions, his counsel challenged the reliability of the affidavit which led to the search warrant. Bourgeois' claim is contradicted by the record and, accordingly, Bourgeois cannot make an affirmative showing that his counsel's performance was deficient or prejudiced him.

### B. Failure to Challenge Term of Supervised Release

Bourgeois next claims that his counsel was ineffective for failing to argue against or object to the imposition of a ten year term of supervised release. Bourgeois argues that because he has no criminal record and does not pose a risk of recidivism, a ten year term of supervised release is unreasonable.

This argument fails. The record demonstrates that Bourgeois' counsel provided zealous advocacy, which resulted in a sentence of 200 months and ten years supervised release, lower than what Bourgeois might have otherwise received when faced with a potential mandatory minimum of thirty years imprisonment and up to a lifetime of supervised release. Bourgeois has provided no evidence to establish that he was prejudiced by the alleged errors of counsel or his counsel's assistance fell below the wide range of professionally reasonable assistance and sound trial strategy. *See Toledo*, 581 F.3d at 680.

For these reasons, Bourgeois' original § 2255 petition will be denied. The Court will also deny his request for an evidentiary hearing and discovery related to this petition because the motion and the files and records of the case conclusively show that the

Bourgeois is entitled to no relief. *See* 28 U.S.C. § 2255; Rules Governing Section 2255 Proceedings for the United States District Courts, Rules 6, 8; *McNeal v. United States*, 249 F.3d 747, 749 n.2 (8th Cir. 2001).[2]

## III. MOTION TO AMEND § 2255 PETITION

Bourgeois admits that his original § 2255 is meritless and seeks to amend it. (*See* Dockets 98, 100, 103, 109.) The Court will not allow an amendment because it is untimely.

### A. Date of Final Judgment

The first issue the Court must decide in determining whether Bourgeois may amend his petition is when his judgment of conviction became final and thus when the statute of limitations ran for filing a § 2255 petition. Under 28 U.S.C. § 2255(f), a movant has one year to file a motion to vacate his sentence, which typically begins to run on the date on which the judgment of conviction becomes final. An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). The parties dispute the date on which Bourgeois' judgment of conviction became final and thus when the statute of limitations ran for the filing of his habeas petition.

---

[2] The Court will also deny Bourgeois' motion, filed contemporaneously with his initial § 2255 petition, for leave to amend his § 2255 petition. (*See* Docket No. 78.) This motion was based on Bourgeois' desire to amend his § 2255 petition following the receipt of discovery. Because the Court has denied Bourgeois' request for discovery, and because Bourgeois has not shown cause to extend the statute of limitations for filing a § 2255 petition, the Court will deny the motion for leave to amend.

Bourgeois' criminal judgment was entered on April 27, 2011. (Docket No. 71.) If Bourgeois wished to file an appeal, he was required to file one within fourteen days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Bourgeois did not file an appeal, and his conviction thus became final on May 11, 2011. *See Murray v. United States*, 313 Fed. App'x 924 (8th Cir. 2009). Assuming that his conviction became final on this date, Bourgeois had one year, or until May 11, 2012, to timely file a § 2255 habeas petition. Bourgeois' initial § 2255 petition falls within this time frame, but his attempts to amend his petition have all occurred after this date.

Bourgeois argues that the statute of limitations to file his § 2255 petition has not yet run because his judgment did not become final until this Court amended the amount of restitution on November 2, 2012. The Court finds otherwise, however. Under 18 U.S.C. § 3582(b), although a sentence can subsequently be altered in various ways, a judgment of conviction that includes a sentence of imprisonment is "a final judgment for all other purposes." 18 U.S.C. § 3582(b); *see also United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001). Further, because § 2255 motions cannot challenge the entry of restitution, it would make little sense for an amendment to a judgment that addresses only restitution to restart the statute of limitations for filing a habeas petition. *See United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) ("[A] federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody."). Accordingly, the Court finds that the modification of Bourgeois' judgment on the issue of restitution was not sufficient to restart the statute of limitations for a § 2255 petition, and

Bourgeois' statute of limitations for filing a § 2255 petition expired on May 11, 2012. *See Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009); *see also Dolan v. United States*, 130 S. Ct. 2533, 2542 (2010) ("[S]trong arguments favor the appealability of the initial judgment irrespective of the delay in determining the restitution amount.").

## B. Bourgeois' Request to Amend

The Court must next decide whether to grant Bourgeois' motion to amend despite the fact that he moved to amend his petition after the running of the statute of limitations. Bourgeois' proposed amended petition is based on two grounds. First, Bourgeois claims that the Court used an improper guideline range in calculating his 200 month sentence.[3] Second, Bourgeois claims that his counsel failed to adequately represent him during the plea process because he had a viable defense and a 200 month sentence was unreasonable under the circumstances. In essence, he argues that his counsel did not properly advise him of the risks and rewards of going to trial.

"Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). "Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original motion. To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts." *Id.* (citation and internal quotation marks

---

[3] The guideline range adopted by the Court was outlined in Bourgeois' plea agreement as the United States' position regarding the guideline range.

omitted). Specifically, for a claim of ineffective assistance of counsel to relate back, the allegations of ineffective assistance must arise from a common core set of operative facts. *Id.*

The Court finds that the claims made in Bourgeois' proposed amended petition do not relate back to his original § 2255 petition. The initial petition focused on a search warrant affidavit and the term of supervised release, while the new petition relates to the length of the sentence of imprisonment. Specifically, Bourgeois' original arguments regarding supervised release involved his lack of criminal record and service in the United States Armed Forces. In contrast, Bourgeois' new petition focuses on an alleged incorrect guideline calculation for his sentence of imprisonment and on his counsel's failure to adequate inform him of his probability of prevailing at trial when advising him to accept the 200 month sentence. Thus, although both petitions involve claims of ineffective assistance of counsel, they are not based on a common core set of operative facts. *See id.* Bourgeois has also not shown any other grounds for extending the statute of limitations. *See, e.g.*, 28 U.S.C. § 2255(f)(2-4); *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). Accordingly, the Court will not allow Bourgeois to amend his § 2255 petition because the claims he seeks to raise are untimely.

### C. Bourgeois' Challenges to the Amount of Restitution

Bourgeois also attempts to challenge the amount of restitution entered on November 2, 2012. He attempts to do so in the context of an amended § 2255 petition,

(Docket No. 103), and in a "motion for injunction/restraining order" to stop the collection of restitution, (Docket No. 108).

The Court will reject these challenges to the restitution award for several reasons. First, restitution cannot be challenged through a § 2255 petition. *Bernard*, 351 F.3d at 361. Second, Bourgeois waived his right to appeal his sentence, and the Court rejects his repeated attempts to challenge his sentence through methods other than an appeal. Finally, orders for restitution under the Mandatory Victims Restitution Act of 1996 can be given past the ninety days prescribed by the Act. *Dolan*, 130 S. Ct. at 2539; *United States v. Balentine*, 569 F.3d 801, 806-07 (8th Cir. 2009). Accordingly, the Court will reject Bourgeois' challenges to the amount of restitution as raised in his "motion for injunction/restraining order" and in his motions to amend his § 2255 petition.

## CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For the reasons explained above, the Court finds that Bourgeois' motions are meritless. The Court therefore concludes that Bourgeois has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 77] is **DENIED.**

2. Defendant's Pro Se Motion for an evidentiary hearing pursuant to 28 U.S.C. § 2255 [Docket No. 80] is **DENIED.**

3. Defendant's Pro Se Motion for discovery pursuant to Federal Rules of Civil Procedure 6(a) and (b) [Docket No. 81] is **DENIED.**

4. Defendant's Pro Se Motion for leave to amend § 2255 motion [Docket No. 78] is **DENIED.**

5. Defendant's Pro Se Letter / Motion Request [Docket No. 98] is **DENIED.**

6. Defendant's Pro Se Motion [Docket No. 100] is **DENIED.**

7. Defendant's Pro Se Motion or Injunction / Restraining Order [Docket No. 108] is **DENIED**.

8. Defendant's Pro Se Motion for Ruling [Docket No. 110] is **DENIED as moot**.

**IT IS FURTHER HEREBY ORDERED** that the Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 10, 2013  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge